UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAH COOK, | Case No. 2:10-CV-03091 JAM-CMK |
| Plaintiff, | |
| v. | ORDER GRANTING UNION PACIFIC'S MOTION FOR JUDGMENT ON THE PLEADINGS |
| UNION PACIFIC RAILROAD COMPANY; CUSA ES, LLC; CUSA CSS LLC; and DOES 1-50, | |
| Defendants. | |

This matter comes before the Court on Defendant Union Pacific Railroad Company's ("Union Pacific") Motion for Judgment on the Pleadings (Doc. #8). Union Pacific seeks dismissal of all claims asserted against it in the Complaint ("Complaint", Doc. #1) filed by Plaintiff Leah Cook ("Plaintiff"). Plaintiff opposes the motion[1] in its "Oppoisition [sic.] to Defendan't [sic.], Union Pacific Railroad Company's Demurrer (Doc. #11).[2]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L. R. 230(g). The hearing was scheduled for March 23, 2011.

[2] The Court notes that this is a federal case, not a state court case. The motion before the Court is a judgment on the pleadings, not a demurrer.

I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a former employee of Defendant CUSA CSS, LCC ("Coach").  Plaintiff began working for Coach on or about August 2008.  She was employed as a Crew Transport driver.  Specifically, she transported Union Pacific employees by van from their various working sites.  Plaintiff alleges that she was harassed, battered, and assaulted based primarily on her physical appearance by Union Pacific and Coach employees.

Plaintiff alleges six causes of action: 1) Severe and pervasive harassment based on sex in violation of California Government Code § 12900, et seq. ("FEHA"); 2) Intentional infliction of emotional distress; 3) Constructive termination in violation of public policy; 4) Assault and battery; 5) Negligent retention and supervision; and 6) Negligent infliction of emotional distress.  Coach removed the action to this Court based upon 28 U.S.C. § 1332.

II.  OPINION

A.  Legal Standard

1.  Motion for Judgment on the Pleadings

The principal difference between a Rule 12(b) motion to dismiss and a Rule 12(c) judgment on the pleadings is the time of filing.  A motion for judgment on the pleadings occurs "[a]fter the pleadings are closed – but early enough not to delay trial."  Fed.R.Civ.P. 12(c).  "Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog."  Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989).

2

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6).  In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1975), <u>overruled on other grounds by Davis v. Scherer</u>, 468 U.S. 183 (1984); <u>Cruz v. Beto</u>, 405 U.S. 319, 322 (1972).  Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth.  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1950 (2009), <u>citing</u> <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face."  <u>Twombly</u>, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory.  <u>Balistreri v. Pacifica Police Department</u>, 901 F.2d 696, 699 (9th Cir. 1990).

  While Rule 12(c) of the Federal Rules of Civil Procedure does not expressly provide for partial judgment on the pleadings, neither does it bar them; it is common to apply Rule 12(c) to individual causes of action. <u>See</u> <u>Moran v. Peralta Community College District</u>, 825 F.Supp. 891, 893 (N.D.Cal. 1993). "Courts have discretion to grant leave to amend in conjunction with 12(c) motions, and may dismiss causes of action rather than grant judgment." <u>Id.</u>  When a court finds the pleadings deficient, it must then decide whether to grant leave to amend. In general, leave to amend is only denied if it is clear that amendment would be futile and "that the deficiencies of the complaint could not be cured by amendment." <u>Broughton v. Cutter Laboratories</u>, 622 F.2d

1  458, 460 (9th Cir. 1980) (per curium).
2       B.   Claims for Relief
3            1.   Claim 1: FEHA
4       Union Pacific argues that Plaintiff fails to state a FEHA
5  sexual harassment claim because Union Pacific is not Plaintiff's
6  employer and Plaintiff does not allege Union Pacific negligently
7  responded to the alleged harassment by non-supervisorial employees.
8  In the Opposition, Plaintiff concedes Union Pacific's FEHA
9  argument.  Accordingly, Union Pacific's motion for judgment on the
10 pleadings for the FEHA claim (Claim 1) is GRANTED WITH PREJUDICE.
11           2.   Intentional Infliction of Emotional Distress
12      Union Pacific argues that Plaintiff cannot state an
13 intentional infliction of emotional distress ("IIED") claim because
14 the allegedly unlawful conduct was, as a matter of law, outside the
15 scope of employment.  Plaintiff counters that Union Pacific is
16 negligent for retaining employees who harassed, assaulted, and
17 battered her and, as such, it is liable for the harm that flowed
18 from that breach of duty.
19      An employer is liable for the willful and malicious torts of
20 its employees committed in the scope of employment.  John R. v.
21 Oakland Unified School District, 48 Cal.3d 438, 447 (Cal. 1989).
22 To hold an employer liable for an employee's tort of IIED,
23 Plaintiff must prove that she is a victim of sexual harassment,
24 that the harasser is an employee of Union Pacific, and that the
25 harasser was acting within the scope of his employment.  See Fisher
26 v. San Pedro Peninsula Hospital, 214 Cal.App.3d 590, 618 (Cal. App.
27 Ct. 2d 1989).  If properly pled, sexual harassment will constitute
28 the outrageous behavior element of a cause of action for IIED.  Id.

4

The issue is whether Union Pacific employees acted within the scope of their employment.  Union Pacific relies on Farmers Insurance Group v. County of Santa Clara, 11 Cal. 4th 992, 1007 (Cal. 1995).  In Farmers, the California Supreme Court discusses the general principles of the respondeat superior doctrine in actions by third persons against the employer for the torts of the employee.  See Id. at 1003.  The California Supreme Court held that despite the fact that sexually harassing acts were committed "during . . . work hours at the [place of employment]," the "inappropriate touchings were motivated for strictly personal reasons unrelated to . . . the performance of any other duty [related to the harasser's job]." Id. at 1007.  Furthermore, the Court added that the "misconduct was not reasonably necessary to [the harasser's] comfort, convenience, health, and welfare while at work.  Nor was it precipitated by a work-related dispute over the performance of his duties or those of his victims." Id.  Therefore, the sexual misconduct was held to be outside the scope of employment and the employer was not liable to a third party for the actions of its employee.  Id. at 1009.

Plaintiff alleges that various Union Pacific employees rubbed their legs against hers, sent her personal texts, described the ways [they] wanted to have sex with her, forcibly pressed her against a van and kissed her, and smelled her hair.  This is, essentially, the same type of conduct the California Supreme Court determined was outside the scope of employment in Farmers.  See Id. at 998 (employee admitted conduct such as touching one female's thighs, slapping another's buttocks, telling the females he wanted to "eat pussy" and "butt fuck" them, and telling one female he was

supervising that she would have to "give him head" to complete her training).

Because those torts were personal in nature, "mere presence at the place of employment and attendance to occupational duties prior or subsequent to the offense will not give rise to a cause of action against the employer under the doctrine of respondeat superior." Id. at 1005 (internal citations omitted).

Ordinarily, the scope of employment presents a question of fact, but it becomes a question of law when the facts are undisputed and no conflicting inferences are possible. Id. at 1019. Because the facts are undisputed and no conflicting inferences are possible, the Court finds, as a matter of law, that the Union Pacific employees acted outside the scope of employment. Accordingly, Union Pacific's motion for judgment on the pleadings for Plaintiff's IIED claim (Claim 2) is GRANTED WITH PREJUDICE.

### 3. Constructive Termination in Violation of Public Policy

Union Pacific argues that it cannot be liable to Plaintiff for wrongful termination as a matter of law because Plaintiff cannot state a valid FEHA claim, Union Pacific was not Plaintiff's employer, and Plaintiff does not allege Union Pacific was aware she was being subjected to intolerable working conditions. Plaintiff concedes the constructive termination claim in the Opposition. Therefore, Union Pacific's motion for judgment on the pleadings for Plaintiff's constructive termination in violation of public policy claim (Claim 3) is GRANTED WITH PREJUDICE.

### 4. Assault and Battery

Union Pacific argues that Plaintiff does not state a viable

1 assault and battery claim because the alleged wrongful acts were
2 outside the scope of employment and the claim is barred by the
3 statute of limitations.  In Plaintiff's Opposition, she makes a
4 passing reference to section 213 of the Second Restatement of
5 Agency, presumably to argue that Union Pacific should be liable for
6 assault and battery under an agency theory.  While Plaintiff
7 concedes that some of the alleged incidents took place outside the
8 statute of limitations, Plaintiff alleges there were additional
9 incidents that took place during the statute of limitations that
10 were not identified in the Complaint.
11      Under the doctrine of respondeat superior, an employer is
12 vicariously liable for the torts of its employees that are
13 committed within the scope of employment.  <u>Lisa M. v. Henry Mayo</u>
14 <u>Newhall Memorial Hospital</u>,12 Cal.4th 291, 296 (Cal. 1995). Under
15 the agency theory, "[a]n employer is liable for an assault and
16 battery committed by an employee where the employment in some way
17 involves the risk of force used against third persons, the act is
18 connected with the employment, and the act is not motivated by
19 independent personal malice." Witkin, Summary of Cal. Law (10th
20 ed. 2005) Agency and Employment, § 186, p. 237.
21      As discussed <u>supra</u>, the Union Pacific employees' alleged
22 actions occurred outside the scope of employment.  Thus, Plaintiff
23 fails to state a claim against Union Pacific for assault and
24 battery.
25      Additionally, even if Plaintiff had properly stated a claim,
26 the only allegation against Union Pacific that could be considered
27 assault and battery occurred in August 2008, which is clearly
28 outside the applicable two year statute of limitations.  <u>See</u> Cal.

1  Code of Civ. Pro. § 335.1. Accordingly, Union Pacific's motion for
2  judgment on the pleadings for the assault and battery claim (Claim
3  4) is GRANTED WITH PREJUDICE.
4      5.   <u>Negligent Retention and Supervision</u>
5      Union Pacific argues that Plaintiff does not adequately allege
6  that Union Pacific was aware that the alleged harassers had the
7  propensity to act unlawfully without further supervision.
8  Plaintiff counters that she pled she was harassed, assaulted, and
9  battered by employees of Union Pacific during her employment, Union
10 Pacific knew or should have known of this conduct, and it failed to
11 take steps necessary to address it and/or prevent it.
12     "When the harasser is a nonsupervisory employee, employer
13 liability turns on a showing of negligence (that is, the employer
14 knew or should have known of the harassment and failed to take
15 appropriate corrective action)."  <u>Roby v. McKesson Corp.</u>, 47
16 Cal.4th 686, 707 (Cal. 2009).
17     Plaintiff makes only one reference to a Union Pacific
18 supervisor being aware of any harassment against Plaintiff by a
19 nonsupervisory employee and that incident did not have to do with
20 sexual harassment, but instead related to driver safety.  The fact
21 that a Union Pacific supervisor allegedly overheard a conversation
22 about an incident relating to driver safety did nothing to put
23 Union Pacific on notice that Plaintiff was being subjected to
24 sexual harassment.  Plaintiff must allege facts to show that Union
25 Pacific was aware of sexual harassment and that it failed to take
26 steps necessary to address it or prevent it.  Accordingly, the
27 claim for negligent supervision and retention (Claim 5) is
28 DISMISSED WITH LEAVE TO AMEND.

8

1           6.   Negligent Infliction of Emotional Distress
2           Defendant argues that Plaintiff's negligent infliction of
3  emotional distress ("NIED") claim fails because a negligence claim
4  cannot be based on intentional conduct, the alleged tortuous
5  conduct was outside the scope of employment, the claim is
6  duplicative of Plaintiff's negligent retention or supervision
7  claim, and Plaintiff does not allege that any Union Pacific
8  employee threatened her with physical injury.  Plaintiff argues
9  that she properly pled that Union Pacific was negligent in
10 retaining its employees who harassed, assaulted, and battered
11 Plaintiff and, accordingly, Union Pacific is liable for the harm
12 that flowed from that breach of duty.
13          "[T]here is no independent tort of negligent infliction of
14 emotional distress.  The tort is negligence, a cause of action in
15 which a duty to plaintiff is an essential element." Potter v.
16 Firestone Tire & Rubber Co., 6 Cal.4th 965, 984 (Cal. 1993)
17 (internal citations omitted).  Since Plaintiff's NIED claim is
18 based on the contention that Union Pacific was negligent in
19 retaining its employees who harassed, assaulted, and battered
20 Plaintiff, the NIED cause of action is duplicative of the fifth
21 cause of action and fails as a matter of law.  See T.B. ex rel.
22 G.B. v. Chico Unified School District, No. 2:07-cv-926-GEB-CMK,
23 2008 WL 3835731, *5 (E.D.Cal. Aug. 14, 2008)(dismissing NIED claim
24 as a separate cause of action because it is duplicative of the
25 negligence claim, but allowing plaintiff to plead emotional
26 distress damages due to defendants' negligence).  Accordingly,
27 Union Pacific's motion for judgment on the pleadings for the NIED
28 claim (Claim 6) is GRANTED WITH PREJUDICE. Plaintiff will be

allowed to seek recovery of emotional distress damages under her fifth cause of action if the claim is properly pled in the amended complaint.

### III. ORDER

For the reasons set forth above,

Union Pacific's Motion for Judgment on the Pleadings for the FEHA Claim (Claim 1), the IIED claim (Claim 2), the constructive termination claim (Claim 3), the assault and battery claim (Claim 4), and the NIED claim (Claim 6) is GRANTED WITH PREJUDICE.

The negligent retention and supervision claim (Claim 5) is DISMISSED WITH LEAVE TO AMEND. Plaintiff shall file her First Amended Complaint within twenty (20) days of the date of this Order.

IT IS SO ORDERED.

Dated: May 13, 2011

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE